# SECTION 362 INFORMATION COVER SHEET

DEBTOR:   Kimberly Christina Rath fdba Kimberly Christina Rath

BANKRUPTCY NO. 19-11597-mkn                    MOTION #: _____

MOVANT: Nationstar Mortgage LLC d/b/a Mr. Cooper
CHAPTER:  7

---

Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirement of LR 4001(a)(2), the subject property has been identified as being surrendered in the plan and/or schedules, or an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 4/11/2019              Signature: /s/ Michael Chen, Esq. Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 1700 Silver Oaks Street, Las Vegas, NV 89117

NOTICE SERVED ON: Debtor: Kimberly Christina Rath fdba Kimberly Christina Rath; Debtor's counsel, Seth D Ballstaedt; Trustee, Lenard E. Schwartzer.

DATE OF SERVICE: 03/26/2019; See attached as **Exhibit "6"**

| MOVING PARTY'S CONTENTIONS: | | | DEBTOR'S CONTENTIONS: |
|---|---|---|---|
| The EXTENT and PRIORITY OF LIENS: | | | |
| 1st  Nationstar Mortgage LLC d/b/a Mr. Cooper | $ | 803,211.46 | The EXTENT and PRIORITY OF LIENS: |
| 2nd | $ | | 1st |
| 3rd | $ | | 2nd |
| 4th | $ | | 3rd |
|  |  |  | Other |
| Total Encumbrances: | $ | 803,211.46 | Total Encumbrances: |
| APPRAISAL or OPINION as to VALUE: | $ | 860,000.00 | APPRAISAL or OPINION as to VALUE: |
| TERMS OF MOVANT'S CONTRACT with the DEBTOR | | | OFFER OF "ADEQUATE PROTECTION" for MOVANT: |
| Amount of Note:           $525,000.00<br>Interest Rate:               5%<br>Duration:                    30 Years<br>Payment per month:    $3,767.38<br>Date of Default :          01/01/12<br>Amount of Arrears:     $297,646.74<br>Recording NOD:         NOS:<br>SPECIAL CIRCUMSTANCES: There is little/no equity in the property for the debtor.<br><br>Submitted by:   Michael Chen<br>Signature:       /s/ Michael Chen | | | SPECIAL CIRCUMSTANCES:<br><br><br><br>Submitted by:<br><br>Signature: |

FORM 362/10/95

INSTRUCTIONS
for Section 362 Cover Sheet

To expedite the hearing of Section 362 motions for relief from the automatic stay, the moving party shall complete and file with the motion a copy of this Cover Sheet. The Cover Sheet requires a statement of the nature and extent of the liens on the Debtor's property at issue. The movant must show at least the status of the issue. The movant must show at least the status of the movant's lien and any senior liens. At the Court's discretion, the motion may be denied if this exhibit has not been completed and filed, unless the information is not applicable (such as for motions to lift stay to allow pending litigation to proceed).

This Cover Sheet shall be attached to the front of the motion and a copy served on the debtor. The debtor shall indicate disagreement on the right of the Cover Sheet. The debtor shall file the completed Cover Sheet to the Debtor's formal response or opposition to the motion.

Special circumstances that would compel the granting or denial of the requested relief shall be set forth briefly on the bottom of this Cover Sheet and shall be explained more fully in the motion or response.

NOTICING REQUIREMENTS

The Court will not hear motions not properly noticed. Unless the Court otherwise orders, twenty-eight (28) days notice of all motions for relief from the automatic stay must be served on the Debtor, the Debtor' attorney and, where applicable, the Chapter 7 trustee, the Chapter 13 standing trustee, or the Chapter 11 trustee. See Bankruptcy Rules 4001, 9014, and 7004, and the Local Rules of Practice for the District of Nevada, LR 4001, and LR 9013.

Kristin A. Schuler-Hintz, Esq., SBN 7171  
Michael Chen, Esq., SBN 7307  
9510 West Sahara Avenue, Suite 200  
Las Vegas, NV 89117  
Phone (702) 685-0329  
Fax (866) 339-5691  
NVBK@McCarthyHolthus.com

E-filed: 4/11/2019

Attorney for Secured Creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Kimberly Christina Rath fdba Kimberly Christina Rath,<br><br>Debtor. | Case No. 19-11597-MKN<br><br>Chapter 7<br><br>**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT**<br><br>HEARING:<br>DATE:   5/15/2019<br>TIME:   1:30pm<br>CTRM:   2<br>PLACE:  300 Las Vegas Boulevard South, Las Vegas, NV 89101 |

**Nationstar Mortgage LLC d/b/a Mr. Cooper, its assignees and/or successors in interest** ("Secured Creditor" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may, enforce its rights under applicable state law, or at its election, seek to modify the loan, relative to the Note and Deed of Trust secured by the Debtor's property, commonly known as 1700 Silver Oaks Street, Las

1

1  Vegas, NV 89117 ("Property" herein).  Further, Secured Creditor moves this Court for an Order
2  for Abandonment pursuant to 11 U.S.C. § 554(b) and Bankruptcy Rule 6007(b).

3  Attached are redacted copies of any documents that support the claim, such as
4  promissory notes, purchase order, invoices, itemized statements of running accounts, contracts,
5  judgments, mortgages, and security agreements in support of right to seek a lift of the automatic
6  stay and foreclosure if necessary., as outlined in more details herein.

7  Secured Creditor is the holder of a Promissory Note dated 12/10/2004, in the principal
8  amount of $525,000.00, which is secured by the Deed of Trust of the same date.  **See Exhibit**
9  **"1".**  A true and correct copy of the Lost Note Affidavit and Note is attached hereto as **Exhibit**
10 **"3".**  Movant, directly or through an agent, has possession of the Note.  Movant is an entity
11 entitled to enforce the Note.

12 A true and correct copy of the assignment of deed of trust is attached hereto as **Exhibit**
13 **"2"**.

14 The current market value of the Debtor's subject Property is $860,000.00, based upon a
15 current Broker Price Opinion. **See Exhibit "5"**.

16 Based upon Secured Creditor's past practices, it is expected that the cost of sale of the
17 property will be at least eight to ten percent of the value of the property. In the present case, the
18 Debtor has very little/no equity in the Property, as evidenced by the approximate market value
19 compared to the total liens against the Property, principally that of Secured Creditor herein and
20 the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 860,000.00 |
| Total Liens to Secured Creditor | $ | 803,211.46 |
| Less 8% Cost of Sale | $ | 68,800.00 |
| Equity | $ | (12,011.46) |

25 Based on the foregoing, Secured Creditor alleges that there is no equity in the subject
26 property, the subject property is not necessary for an effective reorganization, and Secured
27 Creditor is not adequately protected.

28 Secured Creditor is not receiving regular monthly payments, and is unfairly delayed
29 from proceeding with the foreclosure of the subject Property. The Debtor is in substantial

2

default with post-petition payments. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

The Debtor filed this subject bankruptcy petition on 03/21/2019.

The Obligations have been modified pursuant to a loan modification, a true and correct copy of which is attached hereto as **Exhibit "4"**.

Pursuant to the terms of the Deed of Trust, a payment received is applied to the account and credited to the next due payment. For example, a payment received in December will be applied to the November payment if no payment had been received in November.

With respect to Secured Creditor's Deed of Trust, the following is now due:

**Total Due**
| | |
|---|---:|
| Unpaid Principal Balance: | $ 540,103.58 |
| Accrued Interest as of 03/25/2019: | $ 165,269.30 |
| Escrow Advances as of 03/25/2019: | $ 86,079.36 |

DELINQUENCIES
| | | | | |
|---|---|---|---|---:|
| Monthly Payments: 55 at $3,136.67 | | | $ | 172,516.85 |
| (01/01/12 through 07/01/16) | | | | |
| Monthly Payments: 12 at $3,447.90 | | | $ | 41,374.80 |
| (08/01/16 through 07/01/17) | | | | |
| Monthly Payments: 14 at $3,527.17 | | | $ | 49,380.38 |
| (08/01/17 through 09/01/18) | | | | |
| Monthly Payments: 1 at $3,778.59 | | | $ | 3,778.59 |
| (10/01/18) | | | | |
| Monthly Payments: 5 at $3,767.38 | | | $ | 18,836.90 |
| (11/01/18 through 03/01/19) | | | | |
| Non-Escrow Advances: | | | $ | 10,828.22 |
| Bankruptcy Attorney Fee: | | | $ | 750.00 |
| Bankruptcy Filing Fee: | | | $ | 181.00 |
| **Total Delinquencies:** | | | **$** | **297,646.74** |

| | |
|---|---:|
| **Total Due to Secured Creditor:** | **$ 803,211.46** |

The next scheduled monthly payment of $3,767.38 is due 04/01/2019, and continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents. Late charges will accrue if payment is not received by the 15 of the month.

3

*Revised 12/09*   19-11597-mkn; M&H File No. NV-19-153734
Motion for Relief from Automatic Stay

1     No foreclosure action has been commenced as of this date against the property.

2     In accordance with Local Rule 4001(a)(2), on 03/26/2019, Secured Creditor sent a Meet and Confer letter to the parties of interest herein in an attempt to communicate in good faith regarding resolution of the instant motion. To date, Secured Creditor has been unable to resolve this matter and as a result, brings this motion. See **Exhibit "6"**.

## ORDER COMPELLING THE TRUSTEE TO ABANDON THE PROPERTY IS APPROPRIATE PURSUANT TO 11 U.S.C. § 554(b)

Pursuant to 11 U.S.C § 554(b) and Bankruptcy Rule 6007(b), the court may, on request of a party in interest and after notice and a hearing, order the trustee to abandon any property of the bankruptcy estate that is burdensome or of inconsequential value and benefit to the estate. The party seeking abandonment bears the burden of proving the property is either burdensome or of inconsequential benefit and value to the estate. In re Alexander, 289 B.R. 711, 715 (B.A.P. 8th Cir. 2003). The bankruptcy court has the discretion to determine whether the factual predicates for abandonment are present. In re Nelson, 251 B.R. 857, 859 (B.A.P. 8th Cir. 2000). Bankruptcy courts have found that abandonment is appropriate in circumstances where there is no concrete evidence of value to the bankruptcy estate. See Id. at 861. Further, the bankruptcy court may order abandonment in a bankruptcy proceeding that involves issues other than abandonment, such as automatic stay litigation. Catalano v. C.I.R., 279 F.3d 682, 687 (9th Cir. 2002).

Here, since the subject property has no equity, it is accordingly burdensome to, and/or is of inconsequential value and benefit to, the estate. Thus, an Order directing that the Trustee abandon the subject property is appropriate in accordance with 11 U.S.C. § 554(b).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to pursue their rights under applicable State and Federal Law to recover the property or to modify the loan.

2. For an Order directing that the Trustee abandon the subject property, as the subject property has no equity and thus, is burdensome to, and/or is of inconsequential value and benefit to, the estate pursuant to 11 U.S.C § 554(b).

3. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with loss mitigation including but not limited to Deed in Lieus, short sales, loan modifications or any other loan work out as allowed by state law and/or proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at sale pursuant to applicable state law, under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

4. For an Order for the immediate pre-confirmation distribution and accounting of any funds being held as adequate protection for Secured Creditor.

5. For an Order that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

6. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

7. For attorneys' fees and costs incurred herein.

8. For such other relief as the Court deems proper.

Dated: April 11, 2019                                  McCarthy & Holthus, LLP

By: /s/ Michael Chen
Michael Chen, Esq.
Kristin A. Schuler-Hintz, Esq.
Attorney for Secured Creditor
Nationstar Mortgage LLC d/b/a Mr. Cooper, its assignees and/or successors

Kristin A. Schuler-Hintz, Esq., Nevada SBN 7171
Michael Chen, Esq., Nevada SBN 7307
**McCarthy & Holthus, LLP**
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone (702) 685-0329
Fax (866) 339-5691
NVBK@McCarthyHolthus.com

Attorney for: Secured Creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No.: 19-11597-mkn |
| | ) |
| Kimberly Christina Rath fdba Kimberly Christina Rath, | ) Chapter  7 |
| | ) |
| | ) DATE:  5/15/2019 |
| Debtor. | ) TIME:   1:30pm |
| | ) |
| | ) **ORDER TERMINATING** |
| | ) **AUTOMATIC STAY AND** |
| | ) **ABANDONMENT** |

     The Motion for Relief From Automatic Stay and Abandonment came on regularly for hearing at the date and time set forth above before the United States Bankruptcy Court.  Upon

*Rev. 12.09*                                                                                   M&H File No. NV-19-153734
                                                                                                                     19-11597-mkn

review of the Motion and supporting evidence, and good cause appearing, the Court rules as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the automatic stay provisions of 11 U.S.C. §362 be and are hereby terminated with respect to the interests of Movant in the real property commonly known as 1700 Silver Oaks Street, Las Vegas, NV 89117.

IT IS FURTHER ORDERED that pursuant to 11 U.S.C. § 554(b) and Bankruptcy Rule 6007(b), the Trustee shall abandon the subject property from the bankruptcy estate, as there is no equity in the subject property and thus, is burdensome to, and/or is of inconsequential value and benefit to, the bankruptcy estate.

IT IS FURTHER ORDERED that the subject property is deemed abandoned as of the date of entry of this Order, and that Movant may proceed with post-foreclosure remedies, including any unlawful detainer action, in compliance with applicable law.

IT IS SO ORDERED.

Submitted by:
McCarthy & Holthus, LLP

_____
Michael Chen, Esq.
Kristin A. Schuler-Hintz, Esq.
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
(702) 685-0329

Approved/Disapproved

_____
Seth D Ballstaedt, Esq.
9555 S. Eastern Ave, Ste #285
Las Vegas, NV 89123
(702) 715-0000

Approved/Disapproved

| | |
|---|---|
| 1 | |
| 2 | _____ |
|   | Lenard E. Schwartzer |
| 3 | 2850 S. Jones Blvd, #1 |
|   | Las Vegas, NV 89146 |
| 4 | |

<u>ALTERNATIVE METHOD re; RULE 9021:</u>

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

    Counsel appearing: Seth D Ballstaedt

    Unrepresented parties appearing: None

    Trustee: No Appearance at Hearing; No additional Service required.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted by:
McCarthy & Holthus, LLP

/s/ Michael Chen.
Michael Chen, Esq.
Kristin A. Schuler-Hintz, Esq.

###

*Rev. 12.09*       M&H File No. NV-19-153734
19-11597-mkn

Kristin A. Schuler-Hintz, Esq., NV SBN 7171
Michael Chen, Esq., NV SBN 7307
**McCarthy & Holthus, LLP**
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone (702) 685-0329
Fax (866) 339-5691
NVBK@McCarthyHolthus.com

Attorney for: Secured Creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No.: 19-11597-mkn |
| | ) |
| Kimberly Christina Rath fdba Kimberly Christina Rath, | ) Chapter 7 |
| | ) |
| | ) DATE: 5/15/2019 |
| Debtor. | ) TIME: 1:30pm |
| | ) |
| | ) **CERTIFICATE OF SERVICE OF** |
| | ) *PROPOSED* **ORDER TERMINATING** |
| | ) **AUTOMATIC STAY AND** |
| | ) **ABANDONMENT** |

On 4/11/2019, I served the foregoing documents described as ***PROPOSED* ORDER TERMINATING AUTOMATIC STAY AND ABANDONMENT** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR            TRUSTEE
Seth D Ballstaedt             Lenard E. Schwartzer
help@bkvegas.com              trustee@s-mlaw.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ George Chiriac

George Chiriac

*Rev. 12.09*                  M&H File No. NV-19-153734
                              19-11597-mkn

On 4/11/2019, I served the foregoing documents described as **PROPOSED ORDER TERMINATING AUTOMATIC STAY AND ABANDONMENT** on the following individuals by depositing true copies thereof in the United States first class mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTOR
Kimberly Christina Rath fdba Kimberly Christina Rath
1700 Silver Oaks Street
Las Vegas, NV 89117

CO-BORROWER
Christian S. Rath
1700 Silver Oaks Street
Las Vegas, NV 89117

SPECIAL NOTICE
Capital One Auto Finance, a division of Capital One, N.A. Department
AIS Portfolio Services, LP
4515 N Santa Fe Ave.
Dept. APS
Oklahoma City, OK 73118

Capital One Auto Finance
Attn: Managing Agent; BK
Po Box 30285
Salt Lake City, UT 84130-0285

Real Time Resolutions, Inc
Attn: Managing Agent
1750 Regal Row #120
POB 36655
Dallas, TX 75235

Capital One / Saks F
Attn: Managing Agent
Po Box 30285
Salt Lake City, UT 84130

Real Time Resolutions Inc
Attn: Managing Agent
PO Box 36655
Dallas, TX 75235

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

Mercedes-Benz Financial Services
Attn: Managing Agent
Po Box 685
Roanoke, TX 76262

Nevada Dept. of Taxations, Bankruptcy
Attn: Managing Agent
555 E Washington Ave, #1300
Las Vegas, NV 89101

Synchrony Bank/TJX
Attn: Managing Agent; Bankruptcy Dept
Po Box 965060
Orlando, FL 32896

Credit One Bank
Attn: Managing Agent
Po Box 98873
Las Vegas, NV 89193-8873

Caine & Weiner
Attn: Managing Agent
5805 Sepulveda Blvd
Sherman Oaks, CA 91411

Kohls/Capital One
Attn: Managing Agent
Po Box 3120
Milwaukee, WI 53201-3120

LNV Corporation c/o Corporation trust
Attn: Managing Agent
701 s. Carson Street set 200
Las Vegas, NV 89701

Synchrony Bank/Sams Club
Attn: Bankruptcy
Po Box 956060
Orlando, FL 32896-0001

Rural Metro Corporation
Attn: Managing Agent
PO Box 1457
Southgate, MI 48195

|   |   |
|---|---|
| 1 | Synchrony Bank/Gap |
| 2 | Attn: Bankruptcy |
|   | Po Box 956060 |
| 3 | Orlando, FL 32896-0001 |

Synchrony Bank/Gap
Attn: Bankruptcy
Po Box 956060
Orlando, FL 32896-0001

Synchrony Bank/Banana Republic
Attn: Managing Agent
Po Box 105972
Atlanta, GA 30348

Target
Attn: Managing Agent
Po Box 9475
Minneapolis, MN 55440-9475

Ten Oaks Estate HOA
Attn: Managing Agent
3945 w. Reno Avenue
Las Vegas, NV 89118

Comenity Bank/Victoria Secret
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Internal Revenue Service
Attn: Managing Agent
PO Box 7346
Philadelphia, PA 19101

Dept. of Employment, Training & Rehab Employment Security Division
Attn: Managing Agent
500 E. Third Street
Carson City, NV 89713-0002

PRA Receivables Management, LLC
Attn: Managing Agent
PO Box 41021
Norfolk, VA 23541-1021

Real Time Resolutions, Inc. as agent
Attn: Managing Agent
1349 Emprie Central Drive, Suite 150
Dallas, TX 75247

| | |
|---|---|
| 1 | Synchrony Bank/Gap |
| 2 | Attn: Managing Agent |
| | Po Box 965060 |
| 3 | Orlando, FL 32896 |
| 4 | |
| | The Dickerson Karacsonyi Law Group |
| 5 | Attn: Managing Agent |
| | 1745 Village Center |
| 6 | Las Vegas, NV 89134 |

Synchrony Bank/Gap
Attn: Managing Agent
Po Box 965060
Orlando, FL 32896

The Dickerson Karacsonyi Law Group
Attn: Managing Agent
1745 Village Center
Las Vegas, NV 89134

Wells Fargo Dealer Services
Attn: Managing Agent
PO Box 19657
Irvine, CA 92623

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

　　　　　　　　　　　　　　　　　　　/s/  Hue Banh

　　　　　　　　　　　　　　　　　　　Hue Banh